UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ASEBIAH MAURICE SANE-AKA, #046134330

    Petitioner,

v.                                                Civil Action No. 2:16-cv-298

YVONNE EVANS
and JEH JOHNSON,

    Respondents.

## REPORT AND RECOMMENDATION

    Petitioner Asebiah Maurice Sane-Aka, an immigration detainee, filed a pro sé habeas petition pursuant to 28 U.S.C. § 2241. (ECF No. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Because the petitioner's claim is moot, the undersigned recommends that the Respondent's Motion to Dismiss be GRANTED and that the Petitioner's habeas petition be DENIED and DISMISSED as moot.

### I. STATEMENT OF THE CASE

    Sane-Aka filed this petition for writ of habeas corpus (ECF No. 1) on June 13, 2016, seeking relief from detention pending his deportation to his country of citizenship, Ivory Coast. The petition seeks Sane-Aka's release from detention and asks for no other remedy or relief. Sane-Aka was released from detention and was in fact removed from the United States to his country of

1

citizenship, Ivory Coast, on June 21, 2016. His petition is therefore moot.

Per the Declaration of Richard Tine, ICE Deportation Officer (ECF No. 5-1), Sane Aka was arrested and placed in removal proceedings on July 10, 2015, as an alien who had been convicted of various controlled substance violations and aggravated felonies related to illicit trafficking in controlled substances, extending back to 2008. Pursuant to administrative hearings before an Immigration Judge on October 1, 2015 and on November 5, 2015, Sane-Aka was ordered removed from the United States to Ivory Coast. His removal order became final on December 5, 2015, no appeal having been filed. Tine Decl. (ECF No. 5-1, at ¶¶ 9-11).

With the issuance of travel documents confirmed by the Ivory Coast Embassy on June 3, 2016, Sane-Aka was booked on a charter flight out of Miami, Florida to Ivory Coast, scheduled for June 21, 2016. Sane-Aka in fact departed the United States to Ivory Coast on that day, thus ending his detention. Tine Decl. (ECF No. 5-1, at ¶¶ 12-15).

Because Sane-Aka had been released from detention and deported, Respondent filed an Answer and Motion to Dismiss (ECF No. 5) his habeas petition in the Eastern District of Virginia and notified Sane-Aka that he was able to oppose the Motion to Dismiss and the consequences of his failure to do so. (ECF No.

2

6); See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Sane-Aka did not file a response, nor did he submit any change of address form advising the court of his release or address where pleadings should be directed. The court mailings to Sane-Aka were returned as undeliverable on July 14, 2016.

## II. ANALYSIS

The issue in Sane-Aka's habeas petition is moot as there remains no case or controversy due to Sane-Aka's release and removal. Article III of the U.S. Constitution limits the jurisdiction of federal courts to the adjudication of actual cases and controversies. U.S. Const. art. III, § 2, cl. 1. The requirement of ongoing controversy extends throughout the pendency of the action. J.W. v. Knight, 452 F. App'x 411, 414 (4th Cir. 2011) (citing Preiser v. Newkirk, 422 U.S. 395, 401 (1975). "'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" Id. (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969). Finally, a case can become moot due to a change in the facts or in the law. Id. (citing Ross v. Reed, 719 F.2d 689, 693-94 (4th Cir. 1983).

In this case, Sane-Aka's claims in his habeas petition are moot due to a change in the facts. Specifically, he sought release from his pretrial detention. As stated above, Sane-Aka was released and removed to his home country of Ivory Coast on

3

June 21, 2016. As a result of his release, the claims in his petition have been rendered moot.

There are two possible exceptions to the mootness doctrine: (1) "'collateral consequences'; and (2) matters 'capable of repetition, yet evading review.'" Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986) (quoting Carafas v. LaVallee, 391 U.S. 234, 237). Neither of these exceptions apply to Sane-Aka's claim because he only challenged his pre-removal detention, not the basis for removal itself. See Spencer v. Kemma, 523 U.S. 1, 7 (1998) (holding that because the Movant only challenged the length of his sentence, his release also rendered the motion moot, as no "collateral consequences" of his conviction existed). Because neither of the mootness doctrine exceptions apply, Sane-Aka's claims under his § 2241 habeas petition are moot.

### III. RECOMMENDATION

Because Sane-Aka has been released and removed to his home country, Ivory Coast, and there remains no case or controversy, his claim in this habeas petition is moot. Accordingly, the undersigned recommends that the Respondent's Motion to Dismiss (ECF No. 5) be GRANTED and that Sane-Aka's petition for writ of habeas corpus under 28 U.S.C. §2241 (ECF No. 1) be DENIED and DISMISSED as moot.

4

## IV. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

October 3, 2016　　　　　　　　DOUGLAS E. MILLER
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

**Asebiah Maurice Sane-Aka**
A # 046134330
Farmville Detention Center
P.O. Box Drawer N
Farmville, VA 23901

**George M. Kelley , III**
United States Attorney Office
101 W Main St
Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____
      Deputy Clerk

__October 3__, 2016